IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAWRENCE PALMER, JR.,            *
                                 *
    Plaintiff,                   *
                                 *
        v.                       *       CV 416-199
                                 *
GEORGIA PORTS AUTHORITY,         *
                                 *
    Defendant.                   *

**O R D E R**

Presently before the Court is Plaintiff's motion to remand this case to the State Court of Chatham County, Georgia. (Doc. 4.)

## I. BACKGROUND

On April 28, 2016, Plaintiff filed a complaint in the State Court of Chatham County, Georgia[1] for injuries resulting from the alleged negligence of Defendant's employees and agents in the maintenance and operation of a dock crane located at the Port of Savannah, Georgia.[2] (Doc. 1-1). On July 14, 2016, Defendant

---

[1] *Lawrence Palmer, Jr. v. Georgia Ports Authority*, State Court of Chatham County, CAFN: STCV1600618.
[2] As alleged by Plaintiff, while Plaintiff was performing his job duties aboard a ship docked in a container berth at the Port of Savannah, a crane owned and operated by Defendant "lost hoist," causing the crane and its load (a shipping container) to descend and make contact with another shipping container. (Doc. 1-1, at 3-4.) Upon the shipping containers' contact, a steel lashing rod under tension came loose and struck Plaintiff on his head. (Id.) At the time of the incident, Plaintiff was an "ILA union deck and dock worker, Local 1475, specifically employed on that date as a stevedore superintendent by Ceres Marine Terminals." (Id.)

filed a notice of removal in this Court, asserting original jurisdiction under 28 U.S.C. § 1331(1) and removability under 28 U.S.C. § 1441(a). (Doc. 1.) On July 19, 2016, Plaintiff filed the instant motion to remand back to state court.³ (Doc. 4.) Defendant filed a response in opposition to Plaintiff's motion on August 18, 2016 (doc. 9), and Plaintiff filed a reply in support of its motion on August 31, 2016 (doc. 11). Accordingly, Plaintiff's motion to remand has been fully briefed and is ripe for the Court's review.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Federal courts "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." Id. (citations omitted). The right to remove a case from state court to federal court derives from 28 U.S.C. § 1441, which provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28

---

³ On August 4, 2016, the Court granted the parties' joint motion to stay further proceedings in this action pending the Court's decision on Plaintiff's motion to remand. (Doc. 6.)

2

U.S.C. § 1441(a). The party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996); Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). Removal jurisdiction is construed narrowly, and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)); see also City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.") (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

Pursuant to 28 U.S.C. § 1333, "[t]he district courts shall have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "saving to suitors" clause of Section 1333(1), however, "preserves the historical concurrent jurisdiction of the state and federal courts regarding maritime claims where the common law is competent to provide a remedy." Pierce v. Parker Towing

3

Co., 25 F. Supp. 3d 1372, 1375 (S.D. Ala. 2014) (quotations and citations omitted); Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032, 1037 (11th Cir. 1996) ("This 'savings to suitors' clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." (citations omitted)); see also Madruga v. Superior Court of State of Cal. in & for San Diego Cty., 346 U.S. 556, 560 (1954) ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings *in rem*, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." (citations omitted)).

Under the saving to suitors clause, a plaintiff in a maritime case alleging an *in personam* claim has three options: (1) file suit in federal court under admiralty jurisdiction; (2) file suit in federal court under diversity jurisdiction (or some other applicable jurisdictional basis); or (3) file suit in state court pursuing common law remedies. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1187 n. 13 (11th Cir. 2009) (citations omitted). Because of the concurrent jurisdiction of state and federal courts over maritime claims where the common law is competent to provide a remedy, "a federal district court should not accept the removal of a saving [to suitors] clause case solely because of its general maritime

4

nature: the maritime nature does not provide a ground for federal jurisdiction." Armstrong v. Alabama Power Co., 667 F.2d 1385, 1388 (11th Cir. 1982); see also Poirrier v. Nicklos Drilling Co., 648 F.2d 1063, 1066 (5th Cir. 1981) (The saving to suitors clause does not "limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.").

There appears to be no dispute that Plaintiff's claims are maritime in nature. As such, if Plaintiff had elected to file its claims under this Court's admiralty jurisdiction, this Court would arguably have original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333(1). See Atl. Transp. Co. of W.Va. v. Imbrovek, 234 U.S. 52, 63 (1914) (federal admiralty jurisdiction extends to maritime tort committed against stevedore performing job duties on a vessel docked in navigable waters); see also 46 U.S.C. § 30101. Plaintiff, however, chose to bring this action in a state court as a civil *in personam* action seeking common law remedies (including trial by jury). (Doc. 1-1, at 4-5.) Accordingly, the issue before this Court is whether this case was properly removed under this Court's admiralty jurisdiction where Plaintiff has pursued

common law remedies and neither party has alleged an independent basis for subject matter jurisdiction.[4]

Defendant argues that removal was proper in this case because the aforementioned requirement of independent subject matter has been eliminated by enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "Act"). Prior to the codification of the Act, 28 U.S.C. § 1441 provided in relevant part that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (2006). Pursuant to the Act, however, 28 U.S.C. § 1441 was amended to provide in relevant part that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

---

[4] Federal question jurisdiction is lacking because general maritime claims do not "arise under the constitution, laws, or treaties of the United States for purposes of federal question jurisdiction." See Armstrong, 667 F.2d at 1388 (citing Romero v. International Terminal Operating Company, 358 U.S. 354 (1959)); see also 28 U.S.C. § 1331. Diversity jurisdiction is lacking because, as set forth in Plaintiff's complaint (doc. 1-1) and uncontroverted by Defendant, Plaintiff and Defendant were both residents of the State of Georgia as of the date of the filing of Plaintiff's complaint. See 28 U.S.C. § 1332. While other jurisdictional bases for removal may be created by Congress through statutory law, neither party has alleged the existence of any other jurisdictional basis. See Leonard v. Kern, 651 F. Supp. 263, 264 (S.D. Fla. 1986).

6

>   States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In particular, Defendant argues that the deletion of the phrase "founded on a claim or right under the Constitution, treaties or laws of the United States" from Section 1441 now allows removal of all claims that fall within the federal courts' original jurisdiction. In effect, Defendant argues that the aforementioned deletion from Section 1441 allows any case of a general maritime nature to be designated an admiralty case and removed without the need for an independent jurisdictional basis. In support of its argument, Defendant cites several 2013-2014 decisions by district courts in the Fifth Circuit that, on similar factual circumstances, have allowed removal of general maritime law claims under Section 1441 as amended. See, e.g., Carrigan v. M/V AMC Ambassador, No. H-13-3208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); Bridges v. Phillips 66 Co., No. CIV.A. 13-477-JJB, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); Ryan v. Hercules Offshore, Inc., 945 F.Supp.2d 772 (S.D. Tex. 2013). These cases held that the aforementioned deletion has erased language relied upon by the Fifth Circuit as the basis for denying the removal of *in personam* maritime claims and therefore "nothing in § 1441 or any other Act of Congress prevents removal of general maritime

7

claims." Bridges, 2013 WL 6092803 at *4-5; Carrigan, 2014 WL 358353 at *2; Ryan, 945 F.Supp.2d at 775-78.

Defendant's argument, however, ignores that the language of Section 1441 is not the basis relied upon for denying removal of *in personam* maritime claims in the Eleventh Circuit. See Pierce, 25 F. Supp. 3d at 1380. Rather, in denying the removal of *in personam* maritime claims based on the existence of admiralty jurisdiction alone, courts in the Eleventh Circuit have relied upon the saving to suitors clause's protection of a plaintiff's right to pursue common law remedies. See, e.g., Armstrong, 667 F.2d at 1388; Pierce, 25 F. Supp. 3d at 1380; J.P. v. Connell, 93 F. Supp. 3d 1298, 1303 (M.D. Fla. 2015); Mitev v. Resort Sports Limited, 133 F. Supp. 3d 1365, 1371 (S.D. Fla. 2015); see also Barry v. Shell Oil Co., No. CIVA 13-6133, 2014 WL 775662, at *3 (E.D. La. Feb. 25, 2014) ("[T]he saving to suitors clause . . . is an Act of Congress that prohibits the removal of the general maritime claims in this case, pursuant to § 1441(a).").

In attacking the saving to suitors clause, Defendant correctly states that the saving to suitors clause only preserves Plaintiff's right to pursue non-maritime remedies,[5] but does not necessarily guarantee him a non-federal forum. See

---

[5] "Trial by jury is an obvious, but not exclusive, example of the [non-maritime] remedies available to suitors." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 454-55 (2001) (citations omitted).

8

Poirrier, 648 F.2d at 1066. Defendant ignores, however, that removing this case to federal court on admiralty jurisdiction alone would foreclose Plaintiff's common law remedy of trial by jury on his negligence claim. See Carletta, 86 F.3d at 1037 ("[A]s in all admiralty cases, there is no right to a jury trial."); Barry, 2014 WL 775662, at *3 ("As Plaintiff's claims here are solely based on general maritime law and there is a lack of diversity among the parties, there is no way for Plaintiff to have a trial by jury in this Court."); see also FED. R. CIV. P. 9(h)(1) & 38(e). Defendant has cited no law that would allow the Court to grant the parties a jury trial where jurisdiction is predicated solely on admiralty. In contrast, were an independent jurisdictional basis to exist (i.e., in addition to admiralty jurisdiction), Plaintiff would not necessarily lose his common law remedy of trial by jury upon removal. See, e.g., Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 360 (1962); Manrique v. Fagan, No. 08-60501-CIV, 2009 WL 700999, at *5 (S.D. Fla. Mar. 16, 2009); see also FED. R. CIV. P. 9(h)(1).

In this case, remand is the only result that preserves Plaintiff's common law remedy of trial by jury under existing law. See Pierce, 25 F. Supp. 3d at 1382; Barry, 2014 WL 775662 at *3. Were the Court to accept Defendant's interpretation, Plaintiff's right to pursue non-maritime common law remedies

9

under the saving to suitors clause would become a mere nullity. See Pierce, 25 F. Supp. 3d at 1382. Moreover, Defendant has alleged no reason why the State Court of Chatham County would not be competent to hear Plaintiff's civil *in personam* action as pled.

### III. CONCLUSION

Until the Eleventh Circuit, the Supreme Court, or Congress determines otherwise, this Court will follow the long established practice in this Circuit that exempts civil *in personam* maritime claims pursuing common law remedies from removal absent an independent basis for subject matter jurisdiction. Here, Plaintiff elected to bring this action in state court as an *in personam* claim pursuing common law remedies. Defendant removed to this Court based solely upon federal admiralty and maritime jurisdiction and has urged no other grounds for removal. Complete diversity is lacking, and Plaintiff's claims do not raise a federal question. Removal under admiralty jurisdiction alone would thus preclude Plaintiff's right under the saving to suitors clause of Section 1333(1) to pursue common law remedies, including but not limited to his right to trial by jury. As such, removal is improper.

Accordingly, Plaintiff's Motion to Remand (doc. 4) is hereby **GRANTED**, and this action is **REMANDED** to the State Court of Chatham County, Georgia.

**ORDER ENTERED** at Augusta, Georgia, this 19th day of September, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA